FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 1 2021

JAMES W. McCORMACK, CLERK
By:_____
                      DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRISTOPHER LOONEY, Individually
and on Behalf of All Others Similarly
Situated, and JASON NELSON                                   PLAINTIFFS

vs.                          No. 4:21-cv-165-KGB

WECO, INC., and GARY WAINWRIGHT                              DEFENDANTS

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Christopher Looney, individually and on behalf of all others similarly situated, and Jason Nelson ("Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendants Weco, Inc., and Gary Wainwright (collectively "Defendant" or "Defendants"), they state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiff Christopher Looney, individually and on behalf of all others similarly situated, and Plaintiff Jason Nelson, individually, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA"), and Ark. Code Ann. § 11-4-405.

2.     Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

This case assigned to District Judge Baker
and to Magistrate Judge Ray

Defendant's policies and practices of failing to pay proper overtime compensation under the FLSA and the AMWA.

3. Plaintiffs also bring this action under the Families First Coronavirus Response Act, Division E—Emergency Paid Sick Leave Act, 29 U.S.C. § 2601, *et seq.* ("FFCRA"), for declaratory judgment, monetary damages, and a reasonable attorney's fee and costs as a result of Defendants' failure to provide paid sick time to Plaintiffs and Defendants' unlawful termination of Plaintiff Jason Nelson under the FFCRA.

## II.     JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and the FFCRA.

5. This Complaint also alleges violations of AMWA and of Ark. Code Ann. § 11-4-405, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's Arkansas state law claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

7. Plaintiff Christopher Looney ("Looney") is an individual and resident of Lonoke County.

8. Plaintiff Jason Nelson ("Nelson") is an individual and resident of White County.

9. Separate Defendant Weco, Inc. ("Weco"), is a domestic, for-profit corporation.

10. Weco's registered agent for service is Gary S. Wainwright, at 1481 Highway 167 North, Bradford, Arkansas 72020.

11. Separate Defendant Gary Wainwright ("Wainwright") is an individual and resident of Arkansas.

12. Defendants maintain a website at https://arkansasmohawklifts.com/.

## IV.   FACTUAL ALLEGATIONS

13. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Wainwright is a principal, director, officer, and/or owner of Weco.

15. Wainwright took an active role in operating Weco and in the management thereof.

16. Wainwright, in his role as an operating employer of Weco, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

17. Wainwright, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

18. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

19. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as vehicles and fuel.

20.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

21.     At all times relevant to this lawsuit, Defendants have been employers within the meaning the FLSA.

22.     Defendant's primary business is selling, servicing, installing and inspecting automotive equipment.

23.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

24.     At all times material herein, Plaintiffs have been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, Ark. Code Ann. § 11-4-211, and has been paid an hourly wage.

25.     Defendant employed Looney as an hourly-paid Field Technician from September of 2019 to the present.

26.     Defendant employed Nelson as an hourly-paid Roving Technician from October of 2019 until March of 2020.

27.     Defendant also employed other hourly-paid Field Technicians within the three years preceding the filing of this lawsuit.

28.     As a Field Technician, Plaintiff was primarily responsible for servicing automotive equipment.

29.     Other Field Technicians had similar duties to Plaintiff.

30. At all relevant times herein, Defendant directly hired Field Technicians to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

31. Looney and other Field Technicians regularly worked hours for which they were not paid.

32. Looney and other Field Technicians were generally paid for hours they spent actually servicing automotive equipment, but not for time spent driving between jobs or time spent ordering parts or other administrative duties.

33. Looney estimates he worked between 60 and 70 hours per week but was paid for less than half of that time.

34. Nelson estimates he worked approximately 70 hours per week and was generally paid for the hours he worked.

35. Other Field Technicians had similar schedules to Plaintiffs and worked a similar number of hours as Plaintiffs.

36. Defendant was aware of the time Field Technicians spent driving and performing other duties because Defendant assigned jobs to Field Technicians.

37. Looney and other Field Technicians clocked in and out using an app.

38. Looney clocked in at the beginning of his workday and clocked out at the end of the workday. In other words, his time records should show all or almost all of the time he spent working.

39. Even though Defendant had actual knowledge of the hours that Looney worked, Looney's paystubs indicated he worked exactly 40 hours per week. When

Looney complained to Defendant about this disparity between actual time worked and time recorded, Defendant stopped listing the hours worked on Looney's paystubs.

40. Looney's actual pay was listed as "Commission" and did not relate or have a connection to the number of hours listed on each paystub.

41. Defendant knew or should have known that Looney and other Field Technicians were working additional hours off-the-clock for which they were not compensated.

42. Defendant told Looney and other Field Technicians that they would not be paid for time spent driving or doing anything other than actually performing repairs or services for customers.

43. Looney and other Field Technicians were not paid for the time they spent performing certain jobs—for example, if the customer did not pay their bill, Defendant would often refuse to pay Looney or other Field Technicians for the time they spent on that job.

44. Defendant sometimes required Looney to take care of another service job if it was near a job Looney was already working, and Defendant did not always pay Looney for these additional jobs.

45. Defendant required Looney and other Field Technicians to order and pay for parts required for repairs.

46. Defendant failed to reimburse Looney and other Field Technicians for some of their purchases. For example, if the factory from which the part was ordered made a mistake and sent the wrong part but refused to take it back, Defendant would not reimburse Looney or other Field Technicians for that part.

47. Defendant paid Looney and other Field Technicians for mileage only when they were thirty miles or more from their residences. This policy resulted in a failure to reimburse Looney and other Field Technicians for the majority of their mileage.

48. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

49. Because Defendant failed to reimburse Looney and other Field Technicians for purchases Defendant required them to make, and because Defendant failed to reimburse Looney and other Field Technicians for most of their mileage, Looney and other Field Technicians were forced to kick these costs back to Defendant, and this led to additional overtime violations.

50. Defendant terminated Nelson's employment in April of 2020.

51. Defendant failed to pay Nelson his final paycheck for Nelson's final two weeks of work.

52. Because Nelson received no wages for the final two weeks of work, Defendant failed to pay Nelson minimum wage for all hours worked during that period.

53. At all relevant times herein, Defendant has deprived Plaintiff and other Field Technicians of regular wages and overtime compensation for all hours worked.

54. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

55. In the summer of 2020, there was an outbreak of COVID-19 at Looney's children's school, and Looney was required to be tested for COVID-19 and to quarantine.

56. Looney was required to miss work for 3 to 5 days while he waited for his test results.

57. Looney tested negative for COVID-19.

58. Defendant failed to pay Looney sick leave for the time he was quarantined.

59. Although it was recommended by health professionals that Looney quarantine for two weeks despite his negative test results, because of pressure from Defendant and Defendant's refusal to pay sick leave under the FFCRA, Looney returned to work after he received his negative diagnosis.

60. In March of 2020, Nelson returned from traveling and quarantined for two weeks, per the general advice of healthcare professionals.

61. Defendant failed to pay Nelson sick leave for the time he was quarantined.

62. Defendant violated the FFCRA by failing to pay Plaintiffs sick leave.

63. After Nelson quarantined for two weeks, he attempted to contact Defendant but was unable to do so. Defendant did not assign any jobs to Nelson for approximately three weeks. Nelson eventually applied for unemployment benefits, at which point Defendant contacted Nelson and provided him with a letter of termination.

64. Defendant terminated Nelson's employment because he took sick leave in accordance with the FFCRA.

65. Defendant violated the FFCRA by terminating Nelson's employment because he took sick leave in accordance with the FFCRA.

V. REPRESENTATIVE ACTION ALLEGATIONS

66. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

67. Looney brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Field Technicians who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked over forty in any week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

68. Looney proposes the following class under the FLSA:

**All hourly Field Technicians in the past three years.**

69. In conformity with the requirements of FLSA Section 16(b), Looney has filed or will soon file a written Consent to Join this lawsuit.

70. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

71. The members of the proposed FLSA class are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They worked hours over forty in at least one week within the three years preceding the filing of this lawsuit;

    C.    They were subject to Defendant's common policy of requiring Field Technicians to work off the clock;

D. They were subject to Defendant's common policy of failing to pay Field Technicians for all hours worked; and

E. They were subject to Defendant's common policy of failing to reimburse Field Technicians for all required purchases and/or mileage.

72. Looney is unable to state the exact number of the collective but believes that the class exceeds ten persons.

73. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

74. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

75. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

76. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

77. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

78. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

79. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

80. Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

81. Defendant failed to pay Plaintiffs for all hours worked.

82. Defendant failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week.

83. Defendant knew or should have known that its actions violated the FLSA.

84. Defendant's conduct and practices, as described above, were willful.

85. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

86. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

87. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

88. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

89. Looney asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

90. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

91. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

92. Defendant classified Looney and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

93. Defendant failed to pay Looney and similarly situated employees for all hours worked.

94. Defendant failed to pay Looney and similarly situated employees a sufficient overtime premium for all hours worked over forty each week

95. Defendant deprived Looney and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

96. Defendant knew or should have known that its actions violated the FLSA.

97. Defendant's conduct and practices, as described above, were willful.

98. By reason of the unlawful acts alleged herein, Defendant is liable to Looney and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which

occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

99. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Looney and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

100. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Looney and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
#### (Individual Claims for AMWA Violations)

101. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

102. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

103. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

104. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

105. Defendant classified Plaintiffs as non-exempt from the requirements of AMWA.

Page 13 of 17
Christopher Looney, et al. v. Weco, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-___
Original Complaint—Collective Action

106. Defendant failed to pay Plaintiffs for all hours worked.

107. Defendant failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week.

108. Defendant knew or should have known that its practices violated the AMWA.

109. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

110. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.   FOURTH CLAIM FOR RELIEF
### (Individual Claims for Violation of the FFCRA)

111. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

112. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FFCRA, 29 U.S.C. § 5101, *et seq.*

113. At all relevant times, Defendants were Plaintiffs' "employers" within the meaning of the FFCRA, 29 U.S.C. § 5110(2).

114. At all relevant times, Plaintiffs were an "employee" within the meaning of the FFCRA, 29 U.S.C. § 5110(1).

115. Section 5102 of the FFCRA requires employers to provide paid sick leave to each full-time employee for up to eighty hours. Any employer who fails to provide paid sick leave shall be considered to have failed to pay minimum wages in violation of the FLSA.

116. Defendants failed to pay Plaintiffs sick leave, despite Plaintiffs' entitlement thereto.

117. Section 5104 of the FFCRA prohibits employers from terminating the employment of an employee who takes leave in accordance with the FFCRA.

118. Defendants terminated Nelson's employment because he took leave in accordance with the FFCRA.

119. Defendants knew or should have known that their practices violated the FFCRA.

120. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

121. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, reinstatement, prejudgment interest, and costs, including reasonable attorney's fees as provided by the FFCRA.

## X. FIFTH CLAIM FOR RELIEF
### (Individual Claim for Violation of Ark. Code. Ann. § 11-4-405)

122. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

123. Nelson asserts this claim for damages and declaratory relief pursuant to Ark. Code Ann. § 11-4-405.

124. At all relevant times, Defendant was Nelson's employer for purposes of Ark. Code Ann. § 11-4-405.

125. Ark. Code Ann. § 11-4-405 requires employers to pay all wages due to a discharged employee by the next regular payday.

126. Defendant discharged Nelson but failed to pay Nelson all wages due to him.

127. By reason of the unlawful acts alleged herein, Defendant is liable to Nelson for, and Nelson seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees.

## XI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Christopher Looney, individually and on behalf of all others similarly situated, and Jason Nelson respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.   Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.   Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.   Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.   Judgment for damages suffered by Plaintiffs for all unpaid wages under the FFCRA and its related regulations;

F.   Judgment for liquidated damages pursuant to the FFCRA and its related regulations;

G.   Reinstatement pursuant to the FFCRA;

H.  Judgment for damages and liquidated damages owed to Plaintiff under Ark. Code Ann. § 11-4-405;

I.  An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

J.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHRISTOPHER LOONEY,
Individually and on Behalf of All
Others Similarly Situated, and
JASON NELSON, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER LOONEY, Individually**                                                 **PLAINTIFFS**
**and on Behalf of All Others Similarly**
**Situated, and JASON NELSON**

vs.                               No. 4:21-cv-_____

**WECO, INC., and GARY WAINWRIGHT**                                        **DEFENDANTS**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Weco, Inc., and Gary Wainwright within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**CHRISTOPHER LOONEY**
March 1, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Pkwy, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**