IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER LOONEY,**                                                    **PLAINTIFFS**
**Individually and on Behalf of**
**All Others Similarly Situated**

vs.                                   No. 4:21-cv-165-KGB

**WECO, INC., and GARY WAINWRIGHT**                       **DEFENDANTS**

<u>**JOINT MOTION FOR APPROVAL OF SETTLEMENT**</u>
<u>**AND DISMISSAL WITH PREJUDICE**</u>

Named Plaintiff Christopher Looney, individually and on behalf of all others
similarly situated (together with Named Plaintiff, "Plaintiffs"), and Defendants Weco, Inc.,
and Gary Wainwright, by and through their respective undersigned counsel, submit this
Joint Motion for Approval of Settlement and Dismissal with Prejudice and state as follows:

1.      On March 1, 2021, Named Plaintiff and Jason Nelson filed suit against
Defendants alleging violations of the overtime provisions of the Fair Labor Standards Act
("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). *See* ECF No. 1. Specifically,
Named Plaintiff and Jason Nelson alleged that Defendants failed to pay them for time
spent driving to and from job sites, and time spent doing additional administrative duties,
such as ordering parts to service automobiles. *Id*.

2.      On December 13, 2021, Named Plaintiff and Jason Nelson filed a Motion
for Conditional Certification seeking certification of a collective consisting of "All Hourly
Field Technicians employed by Defendants this the three years prior to the filing of

**Page 1 of 6**
**Christopher Looney, et al. v. Weco, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-165-KGB**
**Joint Motion for Approval of Settlement and Dismissal with Prejudice**

Plaintiff's Original Complaint" and requesting the issuance of Notice and Consent forms to those current and former employees. *See* ECF No. 11.

3.       This Court granted the Motion on September 16, 2022, conditionally certifying the abovementioned collective. *See* ECF No. 25. The Court also allowed the issuance of Notice by U.S. mail and email. *Id.*

4.       An opt-in period ensued, and 12 individuals returned a Consent to Join form. Four of these individuals, as well as Jason Nelson, subsequently withdrew from the case. *See* ECF Nos. 35, 48. Ultimately, there are now 9 Plaintiffs in the lawsuit.

5.       Following the end of the Notice Period, the Parties exchanged discovery, including time and payroll records for each Plaintiff. Thereafter, the Parties entered into arm's-length settlement negotiations, including a settlement conference before Magistrate Judge Thomas Ray on August 1. During the settlement conference, the Parties reached a settlement in principle of all claims in the lawsuit. The Parties seek this Court's approval of their agreement as memorialized in the fully executed Settlement, Waiver, and Release Agreement attached as Exhibit 1 ("Agreement").

6.       "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("[W]e will assume without deciding that the district court has a duty to exercise some level of review of the Agreement."). The district court must determine that "the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute."

Page 2 of 6
Christopher Looney, et al. v. Weco, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-165-KGB
Joint Motion for Approval of Settlement and Dismissal with Prejudice

*Bryson v. Patel*, No. 4:20-CV-00065-ERE, 2021 WL 2446352, at *1 (E.D. Ark. June 15, 2021) (internal quotations and citation omitted); *see also Lynn's Food*, 679 F.2d at 1353-54 (the adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement).

7.     Ultimately, if the proposed FLSA settlement is a reasonable compromise of contested issues, the district court should approve the settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Bryan v. Mississippi Cty., Arkansas*, No. 3:18-CV-130-DPM, 2020 WL 9048650, at *1 (E.D. Ark. May 12, 2020) (approving proposed liability settlement that was "[a]ll material things considered, … fair, reasonable, and adequate"); *Sims v. Goodwill Industries of Arkansas, Inc.*, No. 4:19-cv-00289-KGB, 2019 WL 5957177, at *2 (E.D. Ark. Nov. 12, 2019) (approving proposed settlement that both provided a reasonable recovery to the plaintiff and furthered the implementation of the FLSA in the workplace).

8.     The Agreement was reached after extensive, arm's-length negotiations between experienced counsel, and it settles specific bona fide wage and hour disputes. Specifically, Plaintiffs allege that they were owed a significant amount of wages for hours which went unrecorded and uncompensated. Defendants aver that they paid Plaintiffs sufficient wages for all hours worked.

9.     Here, the proposed settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of time and pay records by experienced counsel representing both Parties. The Parties also engaged in settlement negotiations conducted by opposing counsel at arm's length, included a mediated settlement conference. The Parties understand that, inherent to litigation, there are uncertainties and risks. The

Page 3 of 6
Christopher Looney, et al. v. Weco, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-165-KGB
Joint Motion for Approval of Settlement and Dismissal with Prejudice

Parties understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal.

10.     This settlement was driven by Defendants' potential exposure posed by each Plaintiff's alleged damages. To arrive at their estimated damages, Plaintiffs' counsel reviewed each Plaintiff's weekly pay, amount of recorded hours, estimate of weekly hours worked off-the-clock, and the applicable minimum wage. Using this information, Plaintiffs' counsel were able to determine the amount of alleged lost wages for both minimum wage and overtime violations for each Plaintiff.

11.     Using the above metrics, each Plaintiff is receiving approximately 79% of their maximum calculated lost wages. This was a reasonable compromise, primarily due to the fact that the Parties vigorously disputed the number of hours actually worked by Plaintiffs in each given week. The Parties also disagree on the effect of time sheets completed by Plaintiffs. Time sheets were not available for every week of work and Plaintiffs' position is that these time sheets do not capture all work performed, even in the weeks in which they are available. Were Defendants to prevail on their argument that the time sheets accurately describe all compensable hours, Plaintiffs' damages would have been significantly reduced.

12.     The FLSA provides for an award of a reasonable attorney's fee and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Here, the Parties negotiated an amount of attorneys' fees of $9,750.00 completely separate from and after the mediation in which settlement of Plaintiffs' claims was reached. Accordingly, the Parties do not seek review

Page 4 of 6
Christopher Looney, et al. v. Weco, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-165-KGB
Joint Motion for Approval of Settlement and Dismissal with Prejudice

of this portion of their settlement. *See Barbee v. Big River Steel, LLC,* 927 F.3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

13.     The Parties jointly submit this request for approval of the Settlement Agreement as requested herein and for dismissal of Plaintiffs' Complaint with prejudice. The Parties request that following the Court's approval of the Agreement, the Court dismiss the above-styled action with prejudice and retain jurisdiction for the enforcement of the Agreement.

WHEREFORE, Plaintiffs and Defendants jointly request that the Court enter an order dismissing with prejudice Plaintiffs' claims for back wages and all other relief in this lawsuit and approving the Settlement Agreement, retaining jurisdiction for the purpose of enforcing the terms of the Agreement, and for all other relief to which they are entitled.

**Page 5 of 6**
**Christopher Looney, et al. v. Weco, Inc., et al.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-165-KGB**
**Joint Motion for Approval of Settlement and Dismissal with Prejudice**

Respectfully submitted,

**CHRISTOPHER LOONEY, Individually
and on Behalf of All Others Similarly
Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and    WECO, INC and GARY WAINWRIGHT,
DEFENDANTS**

HALL BOOTH SMITH
500 President Clinton Avenue, Suite RL 20
Little Rock, Arkansas 72201
Telephone: (501) 435-3193
Facsimile: (501) 604-5566

*/s/ Todd Wooten*
Todd Wooten
Ark. Bar No. 94034
twooten@hallboothsmith.com

Tony A. Dicarlo
Ark. Bar No. 2006046
tdicarlo@hallboothsmith.com

**Page 6 of 6
Christopher Looney, et al. v. Weco, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-165-KGB
Joint Motion for Approval of Settlement and Dismissal with Prejudice**