## SETTLEMENT, WAIVER, AND RELEASE AGREEMENT

This Settlement and Complete Waiver/Release Agreement ("Agreement") is made by and between Lead Plaintiff Christopher Looney and Opt-In Plaintiffs David Bailey, Matthew Soileau, Daniel Gutierrez, Daniel Brown, Larry Williams, Joseph Mulkey, James Terrell, and Timothy Ford, which includes their heirs, successors, and assigns (Lead Plaintiff and Opt-In Plaintiffs are collectively referred to as "Plaintiffs"); and Defendants WECO, Inc., including its members, officers, employees, directors, successors, assigns, parents, and affiliates and Gary Wainwright, including his heirs, successors, and assigns (WECO and Wainwright are collectively referred to as "Defendants"). Plaintiffs and Defendants are collectively referred to as "the Parties."

### RECITALS

1.      On March 1, 2021, Plaintiffs Christopher Looney and Jason Nelson commenced the lawsuit captioned *Christopher Looney, et al. v. WECO, Inc., et al.*, Civil Action No. 4:21-cv-165 KGB (the "Litigation") in the U.S. District Court for the Eastern District of Arkansas (the "Court"), asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*; and the Families First Coronavirus Response Act, 29 U.S.C. § 2601 et seq., on behalf of themselves and all other similarly situated employees. Jason Nelson withdrew from this litigation. After the Court granted conditional certification, David Bailey, Matthew Soileau, Daniel Gutierrez, Daniel Brown, Larry Williams, Joseph Mulkey, James Terrell, and Timothy Ford became Opt-In Plaintiffs.

2.      On August 1, 2023, the Parties attended a settlement conference with Chief Magistrate Judge Thomas Ray and, without admitting liability of any kind but to avoid the burden, expense, and uncertainty of continuing the Litigation, the Parties reached an agreement as to damages for the Lead Plaintiff and Opt-In Plaintiffs. Attorney fees were never discussed prior to reaching an agreement as to damages.

3.      Subsequent to their settlement conference, the Parties' counsel conferred and reached an agreement to pay Plaintiffs' counsel $9,750.00 in attorney fees.

4.      The Parties desire to effect a full, complete, final, and binding settlement and compromise of all claims that (a) the Lead Plaintiff may have against Defendants, and (b) the Opt-In Plaintiffs may have regarding the claims asserted in the Litigation.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

### AGREEMENT

1.      **No Admission of Liability.** The Parties agree and acknowledge that this Agreement is the result of a compromise and that Defendants do not admit any allegations made against them in any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands, including the Litigation. Nothing contained in this Agreement, nor any of the acts taken thereunder, shall be

Doc ID: 08d4c470ba448e97de6c11af5889d14d301b382b

deemed or construed as an admission of liability, responsibility, wrongdoing, or violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

**2.**     **Dismissal of the Litigation.**  The Parties agree that within fourteen (14) days after all Parties have executed this Agreement, they shall file a Joint Motion for Approval of Settlement Agreement and to Dismiss with Prejudice.  If the Court requires that this Agreement be filed or otherwise submitted for its approval, the Parties shall cooperate to request that the Court permit them to file this Agreement, and any motion for approval of the settlement, under seal or in camera.

**3.**     **Consideration.**

    **a.**     **Damages.**  In consideration for the promises contained in this Agreement, Defendants shall pay Plaintiffs the total gross amount of SEVENTY THOUSAND DOLLARS AND NO CENTS ($70,000.00) (the "Gross Settlement Amount"), allocated pursuant to the Chart below, which shall constitute the entire amount payable for any alleged unpaid wages (including overtime or minimum wage compensation), interest, back pay, front pay, and any other damages Plaintiffs may have sought in the Lawsuit, and for their releases set forth in this Agreement. The Parties agree that fifty percent (50%) of each Plaintiff's allocation of the Gross Settlement Amount shall be treated as backpay from which required deductions and withholdings shall be made, and that the remaining fifty percent (50%) of each Plaintiff's allocation of the Gross Settlement Amount shall be treated as liquidated damages from which no deductions or withholdings shall be made:

| Name | Backpay (W2) | Liquidated Damages (1099) |
|---|---|---|
| Christopher Looney | $7,686.21 | $7,686.21 |
| David Bailey | $2,880.91 | $2,880.90 |
| Matthew Soileau | $171.70 | $171.70 |
| Daniel Gutierrez | $1,248.77 | $1,248.77 |
| Daniel Brown | $15,461.33 | $15,461.33 |
| Larry Williams | $6,254.93 | $6,254.93 |
| Joseph Mulkey | $444.01 | $444.01 |
| James Terrell | $151.61 | $151.61 |
| Timothy Ford | $700.54 | $700.53 |

    **b.**     **Attorney Fees.**  Defendants shall pay The Sanford Law Firm the total gross amount of NINE THOUSAND SEVEN-HUNDRED FIFTY DOLLARS AND NO CENTS ($9,750.00) as payment for Plaintiffs' attorney fees and costs. Plaintiffs' counsel shall supply Defendants with an updated W-9 as a precondition to payment.

    **c.**     **Tax Indemnification.**  Plaintiffs shall be responsible for correctly reporting and paying all taxes associated with this Agreement. Defendants make no warranty or representation to Plaintiffs or their attorneys regarding the tax consequences of these payments. To the extent Plaintiffs fail to properly pay or report their taxes, Plaintiffs agree to indemnify and hold Defendants harmless with respect to

Doc ID: 08d4c470ba448e97de6c11af5889d14d301b382b

any taxes, interest, cost, penalties, or expense related to any payments made pursuant to this Agreement.

**d.    Neutral References.** In the event any subsequent employer contacts Defendants for a reference regarding any Plaintiff's work performance, Defendants shall only provide a neutral reference that identifies that Plaintiff's dates of employment and positions held.

**e.    No Rehire.** Plaintiffs expressly waive and release any and all rights or claims to employment, re-employment, or reinstatement with Defendants. Plaintiffs further specifically agree not to knowingly seek or accept a position as an employee or an independent contractor with Defendants.  In the event that any Plaintiff may seek to obtain a position as an employee, temporary employee, agent or an independent contractor with Defendants, it is agreed and understood that this Agreement shall constitute good cause and a legitimate and non-discriminatory basis for the Defendants, among other things: 1) to refuse to accept an application for employment or proposal for retention as a contractor from any Plaintiff; 2) to refuse to interview any Plaintiff; 3) to refuse to hire or retain any Plaintiff; and 4) in the event any Plaintiff is somehow rehired or retained in contravention of this Agreement, to terminate the Plaintiff's employment or retention agreement.

**f.    No Additional Consideration.** The Plaintiffs agree that, except as otherwise provided in this Section 3, each Party will bear its own attorneys' fees and costs incurred as a result of or related to the Litigation. Plaintiffs further agree and understand that the Gross Settlement Amount, as allocated, represents the total amount each Plaintiff is entitled to receive pursuant to this Agreement.

**4.    Timing of Payment.**  The consideration referenced in Sections 3(a) and 3(b) will be delivered to Plaintiffs' counsel, SANFORD LAW FIRM, PLLC, within twenty-one (21) days after the Court enters a final order approving this Agreement and dismissing the Litigation with prejudice.

**5.    Waivers and Releases of Claims.**

a.    **Lead Plaintiff's Release.** In exchange for the payments set forth above, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff Christopher Looney fully and completely waives, releases, and forever discharges Defendants and their successors, divisions, subsidiaries, and parents, and, collectively, their respective former, current, and future members, directors, officers, employees, affiliates, agents, representatives, assigns, heirs, and executors (collectively the "Released Parties"), from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, statutory, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever (the "Released Claims") that he may have, has, or may have had against any or all of the Released Parties arising out of his employment with Defendants, and/or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether

Doc ID: 08d4c470ba448e97de6c11af5889d14d301b382b

known or unknown, suspected, or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that the Released Parties:

   i.  Failed to properly provide minimum wage or overtime compensation, retaliated against them, or in any other way violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., (and/or the Portal to Portal Act, as amended, 29 U.S.C. § 251 et seq.), the Minimum Wage Act of the State of Arkansas, Ark. Code Ann. § 11-4-201 et seq., or any other applicable city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions concerning the payment of wages;

   ii.  Failed to provide paid sick time and/or unlawfully terminated Plaintiff, or in any other way violated the Families First Coronavirus Response Act (FFCRA), Division E—Emergency Paid Sick Leave Act, 29 U.S.C. § 2601, et seq. or any other applicable city, local, state or federal laws, statutes, ordinances, executive orders, regulations or constitutions concerning the use of leave under the FFCRA;

   iii.  Violated public policy or common law (including, but not limited to, claims for breach of contract; unjust enrichment; unpaid wages; intentional or tortious interference with contract or business relations; fraud; misrepresentation; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; personal injury; defamation; libel; slander; negligence; negligent hiring, retention, or supervision; invasion of privacy; conspiracy; intentional or negligent infliction of emotional distress and/or mental anguish; or loss of consortium);

   iv.  Failed to provide any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded, and/or paid, in whole or in part, by Defendants, violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Looney for the purpose of preventing him from obtaining benefits pursuant to the terms of any such plan, or in any way violated any provision of the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 *et seq.*;

   v.  Violated personnel policies, procedures, or handbooks, any covenant of good faith and fair dealing, or any purported contract or agreement, express or implied; or

   vi.  Retaliated against or discriminated against him on the basis of age, race, color, national origin, ancestry, sex (including sexual harassment), religion, disability, handicap, sexual orientation, marital status, parental status, source of income, or any other basis in violation of any applicable city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*; the Equal Pay Act, 29 U.S.C. § 206(d); the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*; the Lilly Ledbetter Fair Pay Act of 2009; the Sarbanes-Oxley Act of 2002;

Doc ID: 08d4c470ba448e97de6c11af5889d14d301b382b

the Older Workers Benefit Protection Act of 1990, 29 U.S.C. §§ 621, 623, 626, 630; Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; the Civil Rights Act of 1991, Pub. Law No. 102-166; the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*; the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*; the Worker Adjustment and Retraining Notification Act; the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*; 18 U.S.C. §1514A *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; the Occupational Health and Safety Act of 1970, 29 U.S.C. § 651; the Minimum Wage Act of the State of Arkansas, Ark. Code Ann. § 11-4-201 et seq.; the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101 *et seq.*; and the Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. § 16-61-201 *et seq.* The enumeration of specific rights, claims, and causes of action being released should not be construed to limit the general scope of this Release. It is the intent of Plaintiff Christopher Looney that by this Release, he is giving up all rights, claims, and causes of action against the Released Parties which accrued prior to the effective date hereof whether or not he is aware of them and whether or not any damage or injury has yet occurred.

b. **Opt-In Plaintiffs' Release.** In exchange for the payments set forth above, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Opt-In Plaintiffs fully and completely waive, release, and forever discharge the Released Parties from the Released Claims brought in connection with the Litigation. Opt-In Plaintiffs specifically waive and release all claims that the Released Parties:

i. Failed to properly provide minimum wage or overtime compensation, retaliated against them, or in any other way violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., (and/or the Portal to Portal Act, as amended, 29 U.S.C. § 251 et seq.), the Minimum Wage Act of the State of Arkansas, Ark. Code Ann. § 11-4-201 et seq., or any other applicable city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions concerning the payment of wages; or

ii. Failed to provide paid sick time and/or unlawfully terminated them, or in any other way violated the Families First Coronavirus Response Act (FFCRA), Division E—Emergency Paid Sick Leave Act, 29 U.S.C. § 2601, et seq. or any other applicable city, local, state or federal laws, statutes, ordinances, executive orders, regulations or constitutions concerning the use of leave under the FFCRA.

c. **Exclusions.** Excepted from the Released Claims is any claim or right that cannot be waived by law, including the right to file a charge with an administrative agency, and the right to participate in any agency investigation or proceeding. Plaintiff Christopher Looney is waiving, however, any right to recover money in connection with any agency charge or investigation pertaining to his employment period(s) with Defendants, other than unemployment benefits. Plaintiff Christopher Looney is also waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency pertaining to their employment period(s) with Defendants. Opt-In Plaintiffs are waiving any right to recover money in connection with any agency charge or investigation pertaining to the

Doc ID: 08d4c470ba448e97de6c11af5889d14d301b382b

wage and hour claims that were asserted or that could have been asserted in the Litigation.

**6.     Covenant Not to Sue.**     A "covenant not to sue" is a legal term, which means that a party promises not to file a lawsuit against another in court.  It is different than the general releases contained in Paragraph 5.  In further exchange for the consideration described in Paragraph 3, Plaintiffs agree never to sue any of the Released Parties in any forum for any of the claims covered by the waivers and releases in Paragraph 5. Plaintiffs also agree that they will not join or consent to opt into any certified or conditionally-certified class or collective action, or any other multi-party litigation, against any of the Released Parties involving any of the Released Claims.  Likewise, Plaintiffs agree that they will opt-out or otherwise withdraw from any such litigation to which they become a member or participant. This Paragraph shall not apply if Plaintiffs sue to enforce the terms of this Agreement.

**7.     Non-Assistance.** Plaintiffs acknowledge and agree that they will not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes or demands of any kind, nature, description, or character whatsoever that may exist against Defendants or any of the Released Parties, except as required by court order, subpoena, or otherwise by law.

**8.     Confidentiality.**

a.     Plaintiffs agree that they shall keep strictly confidential the facts and circumstances underlying and giving rise to the Litigation, the Gross Settlement Amount and individual settlement amounts, and all other terms and provisions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of this Agreement, except as required by subpoena, court order, otherwise permitted by law, or elsewhere permitted in this Agreement.

b.     Plaintiffs shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to their attorneys, tax advisors, spouses, or as required by subpoena, court order, otherwise permitted by law, or elsewhere permitted in this Agreement.  In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Litigation, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiffs and their Counsel will state only, "the matter has been resolved" and will make no other comment. Moreover, this provision shall not apply in the event Plaintiffs are served with a subpoena or other legal process compelling their testimony.  Nothing in this Paragraph 8, however, prevents Plaintiffs from discussing the fact that they were employed by Defendants or their duties during their employment with Defendants for purposes of seeking other employment.

c.     Plaintiffs acknowledge and agree that a breach of this Paragraph 8 is a material breach of this Agreement and, because the exact amount of potential damages

Doc ID: 08d4c470ba448e97de6c11af5889d14d301b382b

to Defendants resulting from a breach of this Paragraph is difficult to determine with any precision, if Plaintiffs reveal information that they have agreed to keep confidential and/or otherwise fail to comply with this Paragraph in any way, then Defendants may seek an injunction and/or judgment against Plaintiffs and their Counsel in a court of competent jurisdiction. If a breach is proven, the breaching individual(s) shall be liable for Defendants' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as $1,000.00 in liquidated damages, or the amount of the breaching individual's settlement allocation, whichever is smaller. The Parties hereby consent to the jurisdiction of the United States District Court Eastern District of Arkansas for any such action. Nothing in this Agreement should be construed as prohibiting Plaintiffs from responding to inquiries from or otherwise reporting possible violations of federal law or regulation to any governmental agency or entity, including but not limited to the Department of Justice, Congress, and any agency Inspector General, or making other disclosures that are protected under the whistleblower provisions of federal law or regulation.

**9.    Consideration Period.**  Plaintiffs represent and warrant that they have been encouraged to seek advice from anyone of their choosing, including their attorney, accountant, or tax advisor, prior to signing this Agreement; that this Agreement represents written notice that they do so; that they have been given the opportunity and sufficient time to seek such advice; that they have obtained advice from their counsel about the terms of this Agreement; that they have carefully read and fully understand all of the provisions of this Agreement; and that they are voluntarily entering into this Agreement. Plaintiffs further represent and warrant that they were not coerced, threatened, or otherwise forced to sign this Agreement, and that their signature appearing hereinafter is genuine. Lead Plaintiff Christopher Looney understands that he may consider this Agreement for up to twenty-one days; and that he may revoke this Agreement within seven calendar (7) days following the execution of this Agreement (Revocation Period). In the event of revocation, he shall communicate the fact of revocation, in writing, to Abtin Mehdizadegan, Hall Booth Smith, P.C., 200 River Market Avenue, Suite 500, Little Rock, AR 72201, or by fax at (501) 604-5566. Lead Plaintiff understands the rights that have been waived by this Agreement, including specifically rights under the *Age Discrimination in Employment Act of 1967*, 29 U.S.C. § 621 *et seq.*, as amended.

**10.   Other Agreements by Plaintiffs.**  Plaintiffs acknowledge and agree that:

**a.**    Lead Plaintiff has not suffered any on-the-job injury for which they have not already filed a workers' compensation claim;

**b.**    Plaintiffs agree that they have not assigned or transferred any of the Released Claims;

**c.**    Plaintiffs have, or within twenty-one days following the execution of this Agreement, shall return all property belonging to Defendants that remains in their possession, custody, or control.

7

**d.**   Plaintiffs have not relied on any inducements, promises, or representations by Defendants, other than the terms and conditions set forth in the Settlement Agreement; and

**e.**   The settlement described herein, including the consideration described above, is contingent entirely upon the Court's approval of this Agreement and the Court's dismissal of the Litigation with prejudice. If this condition is not met, then the settlement and this Agreement will become voidable by Defendants at their sole discretion.

11.   **Severability.**   The Parties agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in this Agreement is deemed illegal, invalid, or unenforceable, in whole or in part, Defendants' obligations under this Agreement shall be nullified.

12.   **Continuing Jurisdiction**.   Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

13.   **Captions.**   The captions or headings of the sections of this Agreement have been inserted for convenience only and shall have no effect on the construction or interpretation of any part of this Agreement.

14.   **Choice of Law.**   This Agreement is deemed by the Parties to be made and entered in the State of Arkansas. It shall be interpreted, enforced, and governed under the laws of Arkansas.

15.   **Forum.**   Any suit, action, or proceeding with respect to this Agreement must be brought to the United States District Court for the Eastern District of Arkansas ("Court"). The Parties irrevocably submit to the jurisdiction of the Court for the purpose of any such suit, action, or proceeding. Nothing in this Agreement will affect any Party's right to serve process in any manner permitted by law. The Parties irrevocably waive any objections which they may now or hereafter have to venue of any suit, action, or proceeding arising out of or relating to this Agreement brought in the Court and further irrevocably waive any claim that any such suit, action, or proceeding brought in any such Court has been brought in any inconvenient forum.

16.   **Construction.**   This Agreement is deemed to have been drafted jointly by the Parties and, in the event of a dispute, shall not be construed in favor of or against any party by reason of such Parties' contribution to the drafting of this Agreement.

Doc ID: 08d4c470ba448e97de6c11af5889d14d301b382b

17.    **Valid Signature.** Plaintiffs agree that the signed and faxed/electronically transmitted copy of this Agreement is just as valid as an original signed copy of this Agreement.

18.    **Entire Agreement.**   This Agreement constitutes the entire agreement of the Parties concerning the subjects addressed herein.  This Agreement may not be changed or altered, except in writing, signed by all Parties.

19.    **Execution in Counterparts.**   The Parties agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.  Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

20.    **No Precedent.** The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation involving persons other than Plaintiffs. This Agreement shall not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral or otherwise, except for any actions to enforce the terms of this Agreement.

***

Doc ID: 08d4c470ba448e97de6c11af5889d14d301b382b

## SIGNATURES

**PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS AGREEMENT. PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT. EACH PLAINTIFF FURTHER ACKNOWLEDGES THAT THEIR SIGNATURE BELOW IS AN AGREEMENT TO RELEASE DEFENDANTS FROM LIABILITY PURSUANT TO THE LITIGATION AND AS OTHERWISE SET FORTH ABOVE.**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below:

## LEAD PLAINTIFF

11 / 02 / 2023
_____

Christopher Looney                          Date

## OPT-IN PLAINTIFFS

_____          _____

David Bailey                                Date

_____          _____

Matthew Soileau                             Date

_____          _____

Daniel Gutierrez                            Date

_____          _____

Daniel Brown                                Date

_____          _____

Larry Williams                              Date

_____          _____

Joseph Mulkey                               Date

_____          _____

James Terrell                               Date

_____          _____

Timothy Ford                                Date

Doc ID: 08d4c470ba448e97de6c11af5889d14d301b382b

## <u>SIGNATURES</u>

**PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS AGREEMENT. PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT. EACH PLAINTIFF FURTHER ACKNOWLEDGES THAT THEIR SIGNATURE BELOW IS AN AGREEMENT TO RELEASE DEFENDANTS FROM LIABILITY PURSUANT TO THE LITIGATION AND AS OTHERWISE SET FORTH ABOVE.**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below:

### <u>LEAD PLAINTIFF</u>

| | |
|---|---|
| Christopher Looney | Date |

### <u>OPT-IN PLAINTIFFS</u>

| | |
|---|---|
| David Bailey | 11 / 02 / 2023 |
| | Date |
| Matthew Soileau | Date |
| Daniel Gutierrez | Date |
| Daniel Brown | Date |
| Larry Williams | Date |
| Joseph Mulkey | Date |
| James Terrell | Date |
| Timothy Ford | Date |

Doc ID: 326a94b2a3f0cc23c0f8e97a0ca1910c5143611fd

## SIGNATURES

**PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS AGREEMENT. PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT. EACH PLAINTIFF FURTHER ACKNOWLEDGES THAT THEIR SIGNATURE BELOW IS AN AGREEMENT TO RELEASE DEFENDANTS FROM LIABILITY PURSUANT TO THE LITIGATION AND AS OTHERWISE SET FORTH ABOVE.**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below:

### LEAD PLAINTIFF

_____                    _____
Christopher Looney                                                          Date

### OPT-IN PLAINTIFFS

_____                    _____
David Bailey                                                               Date

*Matthew Soileau*                                                11 / 02 / 2023
_____                    _____
Matthew Soileau                                                            Date

_____                    _____
Daniel Gutierrez                                                           Date

_____                    _____
Daniel Brown                                                               Date

_____                    _____
Larry Williams                                                             Date

_____                    _____
Joseph Mulkey                                                              Date

_____                    _____
James Terrell                                                              Date

_____                    _____
Timothy Ford                                                               Date

10

Doc ID: dd40e66f86cf83d2a97c23971502afa632fc5858

## SIGNATURES

**PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS AGREEMENT. PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT. EACH PLAINTIFF FURTHER ACKNOWLEDGES THAT THEIR SIGNATURE BELOW IS AN AGREEMENT TO RELEASE DEFENDANTS FROM LIABILITY PURSUANT TO THE LITIGATION AND AS OTHERWISE SET FORTH ABOVE.**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below:

## LEAD PLAINTIFF

_____          _____
Christopher Looney                        Date

## OPT-IN PLAINTIFFS

_____          _____
David Bailey                              Date

_____          _____
Matthew Soileau                           Date
                                          10 / 27 / 2023
_____          _____
Daniel Gutierrez                          Date

_____          _____
Daniel Brown                              Date

_____          _____
Larry Williams                            Date

_____          _____
Joseph Mulkey                             Date

_____          _____
James Terrell                             Date

_____          _____
Timothy Ford                              Date

10

Doc ID: f502a14497520625946ebc8b1a7aac87de2117bc

## SIGNATURES

**PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS AGREEMENT. PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT. EACH PLAINTIFF FURTHER ACKNOWLEDGES THAT THEIR SIGNATURE BELOW IS AN AGREEMENT TO RELEASE DEFENDANTS FROM LIABILITY PURSUANT TO THE LITIGATION AND AS OTHERWISE SET FORTH ABOVE.**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below:

### LEAD PLAINTIFF

_____          _____
Christopher Looney                                        Date

### OPT-IN PLAINTIFFS

_____          _____
David Bailey                                                 Date

_____          _____
Matthew Soileau                                           Date

_____          _____
Daniel Gutierrez                                           Date
                                                                    10 / 30 / 2023
_____          _____
Daniel Brown                                               Date

_____          _____
Larry Williams                                             Date

_____          _____
Joseph Mulkey                                            Date

_____          _____
James Terrell                                               Date

_____          _____
Timothy Ford                                              Date

Doc ID: 94a34dc5d6d60f7c51de0712de01ce6e64a4ce72

## SIGNATURES

**PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS AGREEMENT. PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT. EACH PLAINTIFF FURTHER ACKNOWLEDGES THAT THEIR SIGNATURE BELOW IS AN AGREEMENT TO RELEASE DEFENDANTS FROM LIABILITY PURSUANT TO THE LITIGATION AND AS OTHERWISE SET FORTH ABOVE.**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below:

### LEAD PLAINTIFF

| | |
|---|---|
| Christopher Looney | Date |

### OPT-IN PLAINTIFFS

| | |
|---|---|
| David Bailey | Date |
| Matthew Soileau | Date |
| Daniel Gutierrez | Date |
| Daniel Brown | Date |
| Larry Williams | 11 / 07 / 2023 |
| Joseph Mulkey | Date |
| James Terrell | Date |
| Timothy Ford | Date |

10

Doc ID: bf524ccc82efad9c1e8648be33c9e5e742ce8f98

## SIGNATURES

**PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS AGREEMENT. PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT. EACH PLAINTIFF FURTHER ACKNOWLEDGES THAT THEIR SIGNATURE BELOW IS AN AGREEMENT TO RELEASE DEFENDANTS FROM LIABILITY PURSUANT TO THE LITIGATION AND AS OTHERWISE SET FORTH ABOVE.**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below:

### LEAD PLAINTIFF

_____          _____
Christopher Looney                                                      Date

### OPT-IN PLAINTIFFS

_____          _____
David Bailey                                                               Date

_____          _____
Matthew Soileau                                                         Date

_____          _____
Daniel Gutierrez                                                         Date

_____          _____
Daniel Brown                                                             Date

_____          _____
Larry Williams                                                           Date

*Joseph L Mulkey*                                                    10 / 28 / 2023
_____          _____
Joseph Mulkey                                                          Date

_____          _____
James Terrell                                                             Date

_____          _____
Timothy Ford                                                             Date

10

Doc ID: 686a8c3821dc834bc8a8fb9834afb11f540b0353

## SIGNATURES

**PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS AGREEMENT. PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT. EACH PLAINTIFF FURTHER ACKNOWLEDGES THAT THEIR SIGNATURE BELOW IS AN AGREEMENT TO RELEASE DEFENDANTS FROM LIABILITY PURSUANT TO THE LITIGATION AND AS OTHERWISE SET FORTH ABOVE.**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below:

### LEAD PLAINTIFF

_____          _____
Christopher Looney                                              Date

### OPT-IN PLAINTIFFS

_____          _____
David Bailey                                                       Date

_____          _____
Matthew Soileau                                                Date

_____          _____
Daniel Gutierrez                                                Date

_____          _____
Daniel Brown                                                     Date

_____          _____
Larry Williams                                                   Date

_____          _____
Joseph Mulkey                                                   Date
                                                                        11 / 01 / 2023
_____          _____
James Terrell                                                    Date

_____          _____
Timothy Ford                                                     Date

10

Doc ID: e86f33db3ed6da6e3d24209ff8dba2dd56b43956

## <u>SIGNATURES</u>

**PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS AGREEMENT. PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT. EACH PLAINTIFF FURTHER ACKNOWLEDGES THAT THEIR SIGNATURE BELOW IS AN AGREEMENT TO RELEASE DEFENDANTS FROM LIABILITY PURSUANT TO THE LITIGATION AND AS OTHERWISE SET FORTH ABOVE.**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates set forth below:

### <u>LEAD PLAINTIFF</u>

_____          _____
Christopher Looney                                             Date

### <u>OPT-IN PLAINTIFFS</u>

_____          _____
David Bailey                                                      Date

_____          _____
Matthew Soileau                                              Date

_____          _____
Daniel Gutierrez                                              Date

_____          _____
Daniel Brown                                                   Date

_____          _____
Larry Williams                                                 Date

_____          _____
Joseph Mulkey                                                Date

_____          _____
James Terrell                                                    Date

*Timothy Ford*                                                  10 / 27 / 2023
_____          _____
Timothy Ford                                                   Date

10

Doc ID: bbaac03c6ab8b3055cf820bbf7c6755936dc8eef

**<u>DEFENDANTS</u>**

By: _____

Gary Wainwright, individually and as
President and Chief Executive Officer of
WECO, Inc.

11-17-2023
Date

11