IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRISTOPHER LOONEY, individually and
on behalf of all others similarly situated                                    PLAINTIFF

v.                            Case No. 4:21-cv-00165-KGB

WECO, INC., and GARY WAINWRIGHT                                              DEFENDANTS

### ORDER

Plaintiffs Christopher Looney, individually and on behalf of all others similarly situated, and Jason Nelson filed this action asserting claims under the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq.*, Arkansas Code Annotated § 11-4-405, and the Families First Coronavirus Response Act, Division E–Emergency Paid Sick Leave Act ("FFCRA"), codified at 29 U.S.C. § 2601, *et seq.* (Dkt. No. 1, ¶¶ 1, 3).  Before the Court is the parties' joint motion for approval of settlement and dismissal with prejudice (Dkt. No. 53).  The parties attach the Settlement, Waiver, And Release Agreement to the joint motion for the Court's review (Dkt. No. 53-1).  A collective class was conditionally certified, 12 individuals returned a Consent to Join form, and four of these individuals, as well as Jason Nelson, subsequently withdrew as parties from the case (Dkt. No. 53, ¶¶ 3–4).  The Court notes that the Settlement, Waiver, And Release Agreement involves Mr. Looney and the eight other remaining plaintiffs who returned a Consent to Join form ("Plaintiffs") (*Id.*, ¶ 4; Dkt. Nos. 53-1, at 1; 27–29; 30, at 2; 32, at 1; 33; 55).

Settlement agreements resolving FLSA claims are typically subject to court approval.  *See Younger v. Ctrs. for Youth & Families, Inc.*, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017); 29 U.S.C. § 216(b).  Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and

reasonable resolution of a bona fide dispute.  *See id.*; *see also Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements.  However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise).  If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise).  The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *see also Anthony v. Concrete Supply Co.*, Case No. 3:16-cv-70-TCB, 2017 WL 5639933, at *1 (N.D. Ga. August 23, 2017) (applying the *Dees* approach).

At the request of the parties, having reviewed the Settlement, Waiver, And Release Agreement signed by Plaintiffs and defendant Gary Wainwright, individually and as President and Chief Executive Officer of WECO, Inc., the Court determines that the Settlement, Waiver, And Release Agreement both provides Plaintiffs a reasonable recovery and furthers the implementation of the FLSA in the workplace.  Therefore, the Court grants the joint motion for approval of settlement and dismissal with prejudice and approves the Settlement, Waiver, And Release Agreement (Dkt. Nos. 53; 53-1).

The Court dismisses with prejudice Plaintiffs' claims and, at the joint request of the parties in their motion, retains jurisdiction for the purpose of enforcing the terms of the Settlement, Waiver, And Release Agreement.

It is so ordered, this the 6th day of March, 2024.

_____
Kristine G. Baker
Chief United States District Judge